# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

**-vs-**                                                                 **Case No. 6:07-cv-24-Orl-28KRS**

**CATHERINE R. STARLARD,**

          **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT (Doc. No. 7)**
>
> **FILED:**      July 11, 2007

## I. INTRODUCTION.

On January 5, 2007, Plaintiff United States of America (United States) filed a Complaint against Catherine R. Starlard seeking to recover principal and interest owed by Starlard for failing to make payments on a student loan. Doc. No. 1. Starlard was served with process, doc. no. 4, but has not answered the Complaint. Accordingly, at the United States' request, the Clerk of Court entered a default against Starlard. Doc. Nos. 5, 6. The United States has now filed the present motion for entry of default judgment. Doc. No. 7.

In support of the motion, the United States filed the affidavit of David Sprague, a deputy United States Marshal, indicating that Starlard is not presently in the military service of the United States. Doc. No. 7-2. Attached to the Complaint is a sworn Certificate of Indebtedness from the United States Department of Education ("Department"). Doc. No. 1-3. The United States did not file a memorandum of law as required by Local Rule 3.01(a).

## II.     APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of a complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

**III.     ALLEGATIONS OF THE COMPLAINT AND INCORPORATED DOCUMENTS.**

The United States alleges that "Defendant owes the United States the principal amount of $2,625.00, and interest in the amount of $751.21 as of December 15, 2005, together with interest accruing thereafter at the rate of 8.00 percent per annum. (Exhibit B)." Doc. No. 1 ¶ 4. Exhibit B is a sworn Certificate of Indebtedness from the Department in which the affiant avers that, on or about June 28, 1989, Starlard executed a promissory note to secure a loan of $2,625.00 from the Union Bank & Trust Student Loan Center at 8% interest per annum. Doc. No. 1-3; *see also* Doc. No. 1-2 (Application/Promissory Note). The loan was guaranteed by the Nebraska Student Loan Program, Inc. ("Nebraska"), and reinsured by the Department of Education under the Higher Education Act, 20 U.S.C. 1071, *et seq. Id.*; Doc. No. 1-2 at 2.

The original holder of the loan, Union Bank & Trust Student Loan Center, demanded payment according to the terms of the loan, but received no payment. Starlard defaulted on the loan on October 16, 1990. Due to the default, the guaranty agency, Nebraska, paid off the claim. Nebraska was then reimbursed for the payment of the claim by the Department pursuant to a reinsurance agreement. Doc. No. 1-3.

The United States seeks judgment against Starlard "in the amount of $2,625.00, together with interest in the amount of $751.21, as of December 15, 2005, and interest on the principal amount accruing thereafter at the rate of 8.0 percent per annum . . . ." Doc. No. 7 at 1.

**IV.     ANALYSIS.**

A.     *Liability.*

"In order for judgment to be entered in favor of the United States, it must prove that (1) defendant executed the note; (2) that United States is the present holder of the note; and (3) the note

is in default." *United States of America v. Mendoza*, C.A. No. C-06-171, 2007 WL 677268, at *1 (S.D. Tex. Mar. 1, 2007).

The body of the Complaint does not allege that Starlard executed a promissory note, that the United States is present holder of the note, or that the note is in default. However, Federal Rule of Civil Procedure 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." Attached to the Complaint is the Application/Promissory Note which is signed by Catherine R. Starlard. Also attached to the Complaint is a Certificate of Indebtedness. It provides that the note has been assigned to the Department, and that the note is in default.

Accordingly, by failing to answer the Complaint, Starlard is deemed to have admitted that she signed the Application/Promissory Note, that the United States is the present holder of the note by assignment, and that the note is in default. This is sufficient to establish that Starlard is liable for payment due under the Application/Promissory note.

B.   *Damages.*

The sworn Certificate of Indebtedness establishes that Starlard failed to make any payments of sums due under the Application/Promissory Note as of October 16, 1990. However, the Department received $4,709.00 in payments from other sources. Doc. No. 1-3. Accordingly, the Department avers that Starlard owes the United States the following sums:

|  |  |
|---|---|
| Principal: | $2,625.00 |
| Interest: | $ 751.21 (as of December 15, 2005) |
| Total debt as of 12/15/05: | $3,376.21 |
| Additional prejudgment interest: | $    .57 per day. |

Due to Starlard's failure to make payments on her student loan, the United States is entitled to a judgment, for unpaid principal, in the amount of $2,625.00, and interest in the amount of $751.21 as of December 15, 2007. It is also entitled to prejudgment interest at the rate of $.57 per day through the date of entry of the judgment in this case.

## V. RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that the United States' Motion for Default Judgment, doc. no. 7, be **GRANTED**, and that the Court enter judgment against Catherine R. Starlard in the amount of $2,625.00 plus interest. I further recommend that the Court direct the United States to submit a proposed judgment with the prejudgment interest calculated as of the date provided by the Court.

I further recommend that the Clerk of Court be directed to enter a judgment consistent with the Order entered on the Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 25, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy